**MANDATE**

17-381-cv
*Audio Emotion S/A v. McIntosh Group, Inc.*

N.Y.S.D. Case #
15-cv-5735(AT)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of September, two thousand seventeen.

PRESENT:  RALPH K. WINTER,
          DENNY CHIN,
          SUSAN L. CARNEY,
                  *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 3, 2017

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AUDIO EMOTION S/A,

        *Plaintiff-Appellant*,

        v.                                              17-381-cv

McINTOSH GROUP, INC., DBA FINE SOUNDS GROUP,

        *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT         STEPHANIE F. BRADLEY, Watkins Bradley LLP, San Francisco, California.

FOR DEFENDANT-APPELLEE          MIRIAM SKOLNIK, Herzfeld & Rubin, P.C., New York, New York.

MANDATE ISSUED ON 10/03/2017

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff-appellant Audio Emotion S/A ("Audio Emotion") appeals from (1) an August 8, 2016 judgment of the district court granting a motion filed by defendant-appellee McIntosh Group, Inc. ("McIntosh"), d/b/a Fine Sounds Group ("FS Group"), to dismiss the amended complaint, and (2) a January 11, 2017 order denying Audio Emotion's motion to alter or amend the judgment and for leave to file an amended complaint. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We accept as true the allegations in the amended complaint, which can be summarized as follows. Audio Emotion is a Brazilian distributor of high-end audio products. Fine Sounds S.p.A. ("FS S.p.A.") is (or was) an Italian company also in the business of distributing high-end audio equipment. In February 2013, Audio Emotion entered into an agreement with FS S.p.A. (the "Agreement") to be the latter's exclusive representative and distributor in Brazil.

In February 2014, although Audio Emotion had been meeting its sales targets under the Agreement, FS S.p.A. "took actions to unilaterally terminate the

2

Agreement."  Am. Compl. ¶ 17.[1]  Audio Emotion contends that by doing so, FS S.p.A. breached the Agreement.

In April 2014, FS Group announced that it was acquiring FS S.p.A.'s audio distribution business and relocating it to New York.  FS Group was incorporated in Delaware on April 21, 2014 and registered to do business in New York as a foreign business corporation on March 6, 2015.  In connection with FS Group's incorporation, FS S.p.A.'s "audiophile business, including its assets and goodwill, was transferred to Defendant."  Am. Compl. ¶ 8.

Audio Emotion commenced this action for breach of contract in the district court on July 22, 2015.  In accordance with the district court's individual rules, McIntosh wrote a letter to Audio Emotion's counsel setting forth the specific deficiencies that McIntosh believed to warrant dismissal of the complaint, in anticipation of seeking the court's leave to file a motion to dismiss.  In response, Audio Emotion amended its complaint.  Thereafter, McIntosh moved to dismiss the amended complaint.  The district court granted the motion, concluding that Audio Emotion had not sufficiently pled successor liability, and entered judgment.  Audio Emotion filed a motion to alter or amend the judgment to provide that dismissal was without prejudice, which the district court construed as a motion for reconsideration, and for leave to file

---

[1]  Although the amended complaint states that FS Group terminated the agreement, the reference should be to FS S.p.A, as Audio Emotion makes clear in its brief on appeal.

3

an amended complaint. The district court denied the motion, concluding that Audio Emotion's proposed amendments would be futile. Audio Emotion timely appealed both the dismissal and denial of leave to amend the amended complaint.

1.  **Successor Liability**

We review the district court's grant of a motion to dismiss *de novo*, "accepting as true all allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party." *Wilson v. Dantas*, 746 F.3d 530, 535 (2d Cir. 2014) (citation omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under New York law, a corporation that purchases the assets of another corporation does not acquire its liabilities unless "(1) the buyer 'expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction [wa]s entered into fraudulently to escape such obligations.'" *N.Y. State Elec. & Gas Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 227-28 (2d Cir. 2014) (alteration in original) (citation omitted). Below and on appeal, Audio Emotion relies on the "consolidation or merger" and "mere continuation" theories.

First, Audio Emotion contends that it has plausibly alleged that the second exception applies -- specifically, that the transaction between FS Group and FS S.p.A.,

4

"although not in form a merger, is in substance a consolidation or merger of seller and purchaser," or a *de facto* merger. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011) (quoting *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006)). Relevant factors in assessing whether there has been a *de facto* merger include "(1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation." *Id.* (citation omitted). We have recognized that the doctrine cannot apply absent continuity of ownership, which is "the essence of a merger." *Id.* at 505-06 (citation omitted).

The amended complaint alleges only that "both Fine Sounds S.p.A. and Fine Sounds Group share the same senior management." Am. Compl ¶ 8. It does not allege facts from which we can infer continuity of ownership, cessation of operations by the predecessor company, assumption of liabilities by the successor company, or continuity of personnel, physical location, assets, or general business operations.

Although Audio Emotion admits that it does not "directly allege continuity of ownership," it asks us to infer continuity of ownership because "in a management buyout, high level company officers would have already held stock in the corporation whose assets they purchased in the name of the successor corporation."

5

Appellant's Br. at 25-26 (citation omitted).  Without any additional factual assertions, however, this allegation is mere speculation.  *See Priestley*, 647 F.3d at 506 (noting that allegations of "continuity of officers" are inadequate to support finding of *de facto* merger "absent . . . allegations that th[ose] officers actually owned the corporations"). Furthermore, as the district court noted, the amended complaint does not allege that FS Group (or McIntosh) assumed FS S.p.A.'s liabilities, that FS Group operates at the same location, with the same personnel, or with the same general business operation, or that FS S.p.A. has ceased operations.  Accordingly, we cannot reasonably infer from the allegations in the amended complaint that a *de facto* merger occurred between FS S.p.A. and FS Group.

        Second, Audio Emotion argues that it can claim successor liability under the exception for purchasing entities that are a "mere continuation" of the selling entity. This argument fails for the separate reason that FS S.p.A. survived the transfer of assets to McIntosh.  *See Wensing ex rel. Wensing v. Paris Indus. N.Y.*, 558 N.Y.S.2d 692, 694 (3d Dep't 1990) ("The record reveals that Paris Industries Corporation survived the asset transfer as a distinct corporation, albeit in bankruptcy.  Under such circumstances, Leander cannot be cast as its mere continuation.").

        Audio Emotion's reliance on *Thompson v. Real Estate Mortgage Network*, 748 F.3d 142 (3d Cir. 2014), is misplaced.  In that case, the Third Circuit, applying New Jersey law, allowed a mere continuation successor liability claim to proceed absent

6

specific allegations of continuity of ownership because the complaint "describe[d] continuity of operations, management, physical location, assets, and general operations," and "[t]he predecessor corporation . . . went out of business shortly after the transfer." *Id.* at 152-53. Here, however, the amended complaint alleges only that FS Group acquired FS S.p.A.'s assets and goodwill, and that they share the same senior management. Furthermore, as noted above, New York courts routinely hold that the continued existence of the predecessor entity is a bar to a mere continuation claim. *See, e.g., Ring v. Elizabeth Found. for Arts*, 25 N.Y.S.3d 173, 175 (1st Dep't 2016).

Accordingly, we conclude that Audio Emotion failed to state a claim in its amended complaint for successor liability under either a *de facto* merger or mere continuation theory.

**2. Leave to Amend**

The district court denied Audio Emotion's post-judgment motion for leave to amend further its complaint on the basis that the amendments proposed would be futile. This Court "ordinarily review[s] a district court's denial of a motion to amend the pleadings for abuse of discretion." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted). Leave to amend need not be granted where the proposed amendments would be futile, however, *Krys v. Pigott*, 749 F.3d 117, 134 (2d Cir. 2014), and where the district court's denial of leave to amend "is

7

based on a legal interpretation, such as futility," we review *de novo*. *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015).

Audio Emotion's post-judgment motion sought further leave to amend based on the fact that FS S.p.A. was in liquidation proceedings and had entered liquidation soon after sale of the business. Even assuming Audio Emotion could further amend its amended complaint to allege that FS S.p.A. had dissolved, any such amendment would be futile. First, as Audio Emotion acknowledges, FS S.p.A. survived the transaction with FS Group as a distinct entity and, more than two years later, continues to exist. *See Ring*, 25 N.Y.S.3d at 175 (continued existence of the predecessor entity is a bar to a mere continuation claim).

Second, Audio Emotion's motion failed to address any of the other pleading deficiencies identified by McIntosh and the district court -- namely, the failure to allege continuity of ownership, assumption of liabilities by the successor company, or continuity of physical location, assets, or general business operations. For the first time on appeal, Audio Emotion argues that it should be permitted to amend the complaint a second time to allege continuity of ownership based on documents showing that Charles Randall, one of the individuals who led the buyout of FS S.p.A., had a 0.13% ownership share in FS S.p.A. Audio Emotion's speculation based on these documents, not raised in the district court, is insufficient to plausibly allege continuity of ownership as necessary to support its successor liability claim.

8

Furthermore, Audio Emotion has enjoyed a full opportunity to cure its pleading deficiencies in this case. Audio Emotion already amended its complaint once in response to issues pointed out by McIntosh and had a second opportunity (under the district court's individual rules) to amend its complaint, without needing the court's leave, after McIntosh filed its motion to dismiss. Audio Emotion neither filed an amended complaint in response to McIntosh's motion nor sought leave to amend in its opposition. Moreover, as discussed above, Audio Emotion still has not identified factual allegations that would remedy the problems with its claims identified by the district court. Thus, under the circumstances of this case, we are unable to conclude that the district court erred in denying Audio Emotion leave to amend again its complaint.

We have considered all of Audio Emotion's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment and the order denying Audio Emotion's post-judgment motion for leave to amend.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

9